IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL JOHN PISKANIN, JR., )
)
        Petitioner, ) Civil Action No. 07-1362
)
v. ) Judge
) Magistrate Judge Caiazza
MARK A. KRYSEVIG, et al., )
)
        Respondents. )

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

I. **RECOMMENDATION**

It is recommended that the Petition for Writ of Habeas Corpus filed by Michael John Piskanin, Jr., be dismissed because it is apparent from the face of the Petition that he has not exhausted the available state court remedies.

II. **REPORT**

A. **Discussion**

Michael John Piskanin, Jr. ("Piskanin" or "the Petitioner") has filed a federal habeas petition pursuant to the provisions of 28 U.S.C. § 2254. Piskanin states that he is presently awaiting trial in the Court of Common Pleas of Beaver County on charges which he believes should be barred under double jeopardy principles on the basis of a prior criminal trial in the Court of Common Pleas of Lehigh County, Pennsylvania. He asserts that his attempts to have the present charges dismissed in pre-trial

motions have been denied by the state courts.

A district court can dismiss a habeas corpus petition if it appears on the face of the petition that the petitioner is not entitled to relief. Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). Here, Piskanin concedes that trial has not commenced on the charges he now challenges. That said, state prisoners seeking habeas relief in federal court are required to exhaust available state court remedies. "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); Castille v. Peoples, 489 U.S. 346 (1989). Although the exhaustion requirement is not jurisdictional, it "should be strictly adhered to because it expresses respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions." Landano v. Rafferty, 897 F.2d 661, 669 (1990). Moreover, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489 (1973).

Piskanin's available state court remedies have not been exhausted. From a procedural perspective, he is presently

2

awaiting trial on state charges, and must raise his defenses to those charges in the state courts and on appeal before he is entitled to seek relief in this court through a federal habeas petition.

B. **Certificate of Appealability**

A certificate of appealability should be denied because jurists of reason would not disagree that Piskanin has failed to exhaust his available state court remedies. See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000) (explaining standard for grant of a certificate of appealability where court does not address petition on the merits but on some procedural ground); see also Walker v. Government of The Virgin Island, 230 F.3d 82, 89-90 (3d Cir. 2000).

### III. CONCLUSION

It is recommended that the Petition for Writ of Habeas Corpus filed by Michael John Piskanin, Jr., be dismissed because it appears on its face that he has not exhausted the available state court remedies.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C) and Local Rule 72.1.4 B, written objections to this Report may be filed on or before February 7, 2008. Failure to timely file objections may constitute a waiver of any appellate rights.

s/Francis X. Caiazza
                                Francis X. Caiazza
                                United States Magistrate Judge

Dated: January 22, 2008

cc:
MICHAEL JOHN PISKANIN, JR.
GG-2457
SCI Cresson
P. O. Drawer A
Cresson, PA 16699-0001